2014-1473

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

_____

In re: FRONTLINE TECHNOLOGIES, INC.,
*Appellant,*

_____

Appeal from United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. CBM2012-00005.

_____

**MOTION OF APPELLANT FRONTLINE TECHNOLOGIES, INC.
TO EXTEND STAY**
_____

Appellant Frontline Technologies, Inc. ("Frontline") respectfully

moves to extend the stay of this appeal.  In August 2014, the Court granted a

consent motion for a stay pending resolution of the issues presented in

*Versata Development Group, Inc. v. SAP America, Inc.*, 739 F.3d 1306 (Fed.

Cir. 2015).  On July 9, 2015, the Court issued its opinion in *Versata*, which

held that the Federal Circuit had jurisdiction to review the final written

decision of the Patent Trial and Appeal Board ("PTAB") with respect to

whether the patent at issue in that case was a "covered business method

patent" as defined by § 18 of the Leahy-Smith America Invents Act

("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011).   Versata and the

USPTO as Intervenor each requested panel rehearing or rehearing *en banc*. These requests were denied on October 15, 2015, and the mandate in *Versata* issued on October 22, 2015. In accordance with the stay, counsel for Frontline contacted counsel for the USPTO[1] to discuss how this appeal should proceed.

1. This Court's jurisdiction to review issues arising from the PTAB's final written decision is central to the appeal. Frontline expects that its arguments will include two reasons why the PTAB lacked jurisdiction to enter its final written decision. First, the PTAB did not have statutory authority to invalidate claims of the patent at issue because the petition seeking transitional post-grant review did not identify all of the real parties in interest. 35 U.S.C. § 322(a)(2). Second, the PTAB did not have statutory authority to invalidate claims of the patent at issue because it is not a covered business method patent. AIA §§ 18(a)(1) and (d)(1). Based on discussions with opposing counsel, Frontline believes the USPTO will argue that the Federal Circuit does not have jurisdiction to review one or both of these issues because such review is barred by 35 U.S.C. § 324(e). *See generally* Intervenor's Petition for Rehearing *En Banc*, *Versata,* No. 14-1194 (Document 141) (August 24, 2015).

---

[1] On October 7, 2015, the Court granted the motion of CRS Advanced Technologies, Inc. to withdraw from this appeal.

2.     Issues concerning this Court's jurisdiction to review PTAB decisions under the AIA appear likely to be considered by the Supreme Court.  In *Versata*, the Court concluded that 35 U.S.C. § 324(e) did not bar its review of jurisdictional determinations of the PTAB under AIA §18. Although this Court denied motions for rehearing and rehearing *en banc* in *Versata*, the time for petitions for certiorari to be filed in that case will not expire until January 2016.  An analogous issue of Federal Circuit jurisdiction under 35 U.S.C. § 314(d), which pertains to *inter partes* review, is the subject of a petition for certiorari seeking review of *In re Cuozzo Speed Technologies, LLC*, 798 F. 3d 1268 (Fed. Cir. 2015), *petition for certiorari filed*, No. 15-446 (October 6, 2015)("Cuozzo Petition"). [2]  Given the filing of a petition for certiorari in *Cuozzo*, it seems likely that the USPTO may file a petition for certiorari seeking review of *Versata's* holding with respect to 35 U.S.C. § 324(e).  The dissents by Judge Newman in *Cuozzo* and Judge Hughes in *Versata* may increase the likelihood that the Supreme Court will consider the cases.

Because of the importance of the Federal Circuit's jurisdiction to review decisions of the PTAB to the issues Frontline expects to present in

---

[2] The Cuozzo Petition also cites *Achates Reference Publishing, Inc. v. Apple, Inc.,* 803 F. 3d 652 (Fed. Cir. 2015) as further support for Supreme Court review.  Cuozzo Petition at 21-23.

this appeal, and the likelihood that the Supreme Court may grant certiorari to resolve perceived inconsistencies in the rationale for decisions among panels of this circuit, Frontline believes that it would be prudent to continue the stay until the jurisdictional issues are fully resolved by the Supreme Court.

3.    Frontline believes that extending the stay would allow for more orderly development of the law related to the Federal Circuit's jurisdiction to review final written decisions of the PTAB.  *See Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings."); *see also, e.g., Stoffel v. Shinseki,* 425 F. App'x 883, 884 (Fed. Cir. 2011) (This court "stayed the briefing schedule in this appeal pending the United States Supreme Court's review" of a question of subject matter jurisdiction in a related case.).  Supreme Court resolution of jurisdictional issues in *Cuozzo* or *Versata* may eliminate some similar issues in this case or sharpen the arguments for the Court's consideration.

4.    Frontline's counsel believes that staying this case pending final disposition by the Supreme Court of *Cuozzo* and *Versata* is reasonable.

5.    This motion to stay is made in good faith by counsel and not for the purpose of delay or other procedural advantage.

6.    On November 2, 2015, the undersigned conferred with counsel

for the USPTO, who was not able to say whether it would oppose this motion.  Pursuant to Federal Circuit Rule 27, a supporting declaration is attached.

      7.     If the Court determines not to extend the stay, Frontline requests a new briefing schedule.


Dated:  November 5, 2015          /s/ R. Scott Tewes
                                       R. Scott Tewes
                                       Tewes Law Group LLC
                                       Sugarloaf Corporate Center
                                       2180 Satellite Blvd., Suite 400
                                       Duluth, GA 30097
                                       Phone: 678.382.0388
                                       Fax: 678.382.0389
                                       Email: STewes@TewesLaw.com

                                       Attorneys for Appellant
                                       Frontline Technologies, Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

**In re: FRONTLINE TECHNOLOGIES, INC.**

*Appellant,*

**No. 2014-1473**

**<u>CERTIFICATE OF INTEREST</u>**

Counsel for the appellant, Frontline Technologies, Inc., certifies the following :

1.      The full name of every party or amicus represented by me is:

Frontline Technologies, Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

Frontline Technologies Group LLC (On May 1, 2014, Frontline Technologies, Inc. ("FTI") transferred all of its right, title, and interest in the patent at issue (U.S. Patent No. 6,675,151 C1) to Frontline Technologies Group LLC ("FTG").  FTI owns an interest in FTG.).

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Not applicable.

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Tewes Law Group LLC -- R. Scott Tewes and
Baker & Hostetler LLP -- John P. Donohue, Jr.; John E. McGlynn;
Sarah C. Dukmen.

<u>November 5, 2015</u>                    <u>/s/ R. Scott Tewes</u>
Date                                                Signature of counsel

R. Scott Tewes
Printed name of counsel

**2014-1473**

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

_____

In re: FRONTLINE TECHNOLOGIES, INC.,

*Appellant,*

_____

Appeal from United States Patent and Trademark Office,
Patent Trial and Appeal Board in No. CBM2012-00005.

_____

**DECLARATION OF R. SCOTT TEWES**
_____

1.      I am an attorney with Tewes Law Group LLC, counsel for Appellant Frontline Technologies, Inc. ("Frontline"). I am submitting this declaration of counsel in connection with Frontline's motion to extend the stay of this appeal.

2.      The facts set out in Frontline's motion are true and correct based on my personal knowledge.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 5, 2015                    /s/ R. Scott Tewes

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing, **MOTION OF APPELLANT FRONTLINE TECHNOLOGIES, INC. TO EXTEND STAY**, was served, by electronic means (e-mail or CM/ECF) on counsel of record as follows:

> Nathan K. Kelley, Esq.
> Mary L. Kelly, J.D., Ph.D.
> Office of the Solicitor
> United States Patent & Trademark Office
> Madison West – 8A35
> 600 Dulany Street
> Alexandria, VA  22314
> (571) 272-9035
> nathan.kelley@uspto.gov
> Mary.Kelly@uspto.gov

Dated:  November 5, 2015

> By: /s/ R. Scott Tewes
>
> R. Scott Tewes
> Tewes Law Group LLC
> Sugarloaf Corporate Center
> 2180 Satellite Blvd., Suite 400
> Duluth, GA 30097
> Phone: 678.382.0388
> Fax: 678.382.0389
> Email: STewes@TewesLaw.com
>
> Attorneys for Appellant Frontline
> Technologies, Inc.